Filed 7/15/15  P. v. Ramirez CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMY MAGELINE RAMIREZ,<br><br>    Defendant and Appellant. | A144538<br><br>(Contra Costa County<br>Super. Ct. No. 5-131705-6) |

Defendant Amy Ramirez appeals from the judgment entered following her no contest plea to possession of methamphetamine and heroin. She contends the court erred in denying her motion to suppress made prior to entry of her plea. Her appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, in which he raises no issue for appeal and asks this court for an independent review of the record. Counsel attests that defendant was advised of her right to file a supplemental brief, but she has not exercised that right. Having reviewed the entire record, we conclude there are no arguable issues on appeal and affirm the judgment.

**Factual and Procedural Background**

Defendant was charged by criminal complaint with one felony count of transporting heroin (Health & Saf. Code, § 11352, subd. (a)), one felony count of transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)), one felony count of possessing heroin (Health & Saf. Code, § 11350, subd. (a)), and one felony count of possessing methamphetamine (Health & Saf. Code, 11377, subd. (a)).

1

In advance of the preliminary hearing, defendant filed a motion to suppress pursuant to Penal Code section 1538.5. The following evidence was presented at the preliminary hearing:

The arresting officer testified that on the afternoon of March 31, 2013, he saw a man illegally pushing a shopping cart on the Delta de Anza Regional Trail behind the Tower Mart in Contra Costa County. The officer detained the man and determined that he was a parolee. The man told the officer that a friend was in the Tower Mart and would be joining him shortly. The officer then saw defendant walking towards him from the direction of the Tower Mart. Defendant approached the officer and asked what was going on. The officer told her that he was arresting the man on a parole hold. He immediately asked defendant her name and whether she was on probation or parole. Defendant told the officer her name and reported that she was on probation without a search clause. The officer testified that defendant had scabs and scars on her face, including "an open sore that was actually freshly bleeding on her ear," all of which caused him to suspect intravenous drug use and led him to ask her to roll up her sleeves. When she rolled up her sleeve, he observed marks on her arm that he believed were consistent with intravenous drug use.

In response to the officer's continued questioning, defendant admitted that she used drugs, described herself as a drug addict, and reported that she had smoked methamphetamine that morning. The officer asked if defendant was in possession of any controlled substances, and defendant stated that she had a small amount of methamphetamine and heroin in her purse. This verbal exchange occurred within five minutes of their initial encounter. The officer searched defendant's purse and found small amounts of substances the defense stipulated for purposes of the preliminary hearing and suppression hearing were methamphetamine and heroin. In the officer's opinion, defendant possessed a useable amount of both controlled substances.

The court denied the motion to suppress and held defendant to answer on the two possession offenses. The magistrate explained, "While I think it's a close call, certainly the initial encounter was consensual and that the defendant walked up to the police, or to

the officer, and made inquiries about the status of her friend. [¶] The fact that the officer testified that the defendant had open sores and freshly bleeding — was freshly bleeding on her ear would be enough to be concerned about the welfare of the person, and then we have the defendant's own admission within minutes of the initial encounter about the drug use."

Thereafter, the District Attorney filed an information charging defendant with the four offenses set forth in the previously filed criminal complaint.

On January 2, 2014, defendant renewed her motion to suppress. Based on its review of the preliminary hearing transcript, the trial court upheld the denial of defendant's motion to suppress. The court explained, "I think it's clear to me that the evidence before the magistrate in this case supports the fact that the officer . . . delivered his request to the defendant to roll up her sleeves in such a manner that it was clearly consensual. A reasonable person would not feel — that there was nothing coercive about that request. [¶] And since the defendant was the one that approached the police officer to begin, there's nothing in the record that suggests she wasn't just free to retreat at that time. There's also, on this record, sufficient information even without the sleeves being rolled up, even at that point it seems to me that there was probable cause to detain. [¶] So, even if there had been something coercive or crossing the line about the questioning, seems to me that there still would be a probable cause to detain. For these reasons, it seems to me that the motion should be denied."

After successfully moving to dismiss the transportation charges and reduce the remaining felony possession charges to misdemeanors, defendant entered a no contest plea to one count of possessing heroin and one count of possessing methamphetamine. Defendant entered her no contests pleas with the understanding that she would be placed on probation with a time-served jail term. Defendant was sentenced in conformity with her plea bargain.

Defendant filed a timely notice of appeal "based on the denial of a motion to suppress evidence under Penal Code section 1538.5."

**Discussion**

" 'In reviewing a suppression ruling, "we defer to the . . . court's express and implied factual findings if they are supported by substantial evidence, [but] we exercise our independent judgment in determining the legality of a search on the facts so found." ' " (*People v. Tully* (2012) 54 Cal.4th 952, 979.) Where the motion to suppress is denied by the magistrate and renewed in the superior court upon the preliminary hearing transcript alone, we are concerned solely with the factual findings of the magistrate. (*People v. Gentry* (1992) 7 Cal.App.4th 1255, 1261.)

Substantial evidence supports the magistrate's finding that the encounter was consensual. (*People v. Siripongs* (1988) 45 Cal.3d 548, 566-567 [The question of the voluntariness of the consent is to be determined in the first instance by the trier of fact and the trial court's findings must be upheld if supported by substantial evidence.].) Defendant approached the officers and inquired about her friend's situation. She demonstrated an understanding of her rights by specifically indicating that while she was on probation, she was not subject to a search condition. Nothing in the record suggests that her responses to the officer's questions about her drug use or his request that she roll up her sleeves was anything other than voluntary.

Defendant was adequately represented by counsel throughout the proceedings. There was no sentencing error. There are no issues that require further briefing.

**Disposition**

The judgment is affirmed.

_____

Pollak, Acting P. J.

We concur:

_____

Siggins, J.

_____

Jenkins, J.

A144538